# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| ROBIN REVA, | ) |
| | ) Case No. 16-CV-1011 |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT** |
| | ) |
| NATIONWIDE COLLECTION AGENCIES, INC. | ) |
| d/b/a MONEY RECOVERY NATIONWIDE, | ) **JURY DEMANDED** |
| | ) |
| Defendant. | ) |

Now comes the Plaintiff, ROBIN REVA, by and through her attorneys, and for her Complaint against the Defendant, NATIONWIDE COLLECTION AGENCIES, INC. d/b/a MONEY RECOVERY NATIONWIDE, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in South Haven, Michigan.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting two consumer debts allegedly owed by Plaintiff.

7. The aforementioned alleged debts are "debts" within the meaning of 15 U.S.C. § 1692a(5), in that they are alleged obligations of a consumer to pay money arising out of transactions in which the money, property, insurance and/or services which are the subject of the transactions were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a corporation of the State of Michigan, which has its principal place of business in Lansing, Michigan.

## FACTS COMMON TO ALL COUNTS

9. On or about February 6, 2016, Plaintiff sent a letter to Defendant, advising Defendant, among other things, that she was disputing an alleged debt in the amount of $254 which Defendant was reporting on her credit report.

10. On or about March 26, 2016, Plaintiff sent another letter to Defendant, advising Defendant, among other things, that she was disputing another alleged debt in the amount of $102 which Defendant was reporting on her credit report.

11. On or about May 3, 2016, Plaintiff obtained her credit report from the three major credit reporting bureaus.

12. As of May 3, 2016, Plaintiff's Equifax credit report did not reflect that Plaintiff was disputing the alleged $254 debt.

13. On information and belief, Defendant failed to notify Equifax that Plaintiff was disputing the alleged $254 debt.

14. As of May 3, 2016, Plaintiff's Equifax, Experian and TransUnion credit reports did not reflect that Plaintiff was disputing the alleged $102 debt.

15. On information and belief, Defendant failed to notify Equifax, Experian and TransUnion that Plaintiff was disputing the alleged $102 debt.

16. In its attempts to collect the alleged debts as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

17. As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the misrepresentation of Plaintiff's creditworthiness, stress, aggravation, frustration, emotional distress and mental anguish.

## COUNT I

18. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 17 above as if reiterated herein.

19. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

## COUNT II

20. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 17 above as if reiterated herein.

21. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and/or legal status of the alleged debt.

## COUNT III

22. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 17 above as if reiterated herein.

23. Defendant violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate credit information which was known or which should have been known to be false, including failing to communicate that the alleged debt was disputed.

## COUNT IV

24. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 17 above as if reiterated herein.

25. Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for each of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

                          RESPECTFULLY SUBMITTED,

                          ROBIN REVA

                          By:    /s/ David B. Levin
                                    Attorney for Plaintiff

David B. Levin
Illinois Attorney No. 6212141
Admitted to Practice in the Western District of Michigan
Law Offices of Todd M. Friedman, P.C.
One South Dearborn Street
Suite 2100
Chicago, IL 60603
Phone: (312) 212-4355
Fax: (866) 633-0228
dlevin@toddflaw.com